# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

|  |  |
|---|---|
| In re: | Case No. 10-74849-SCS |
| MARIA TERESA STONEY, | |
| *Debtor*. | Chapter 7 |

## MEMORANDUM OPINION

This matter came on for hearing on January 20, 2011, upon the Objection to Exemptions ("Exemption Objection") filed by the Chapter 7 Trustee, Tom C. Smith, Jr. ("Trustee"), on December 14, 2010, to the exemptions claimed by the Debtor, Maria Teresa Stoney (the "Debtor"). This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 157(b) and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Upon consideration of the arguments presented by the Trustee and counsel for the Debtor and the pleadings submitted, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

### I. Findings of Fact

There are no disputed facts concerning the Trustee's Exemption Objection. The Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on October 12, 2010. The Trustee was appointed as trustee of the Debtor's bankruptcy estate and conducted the first meeting of creditors pursuant to Section 341 of the Bankruptcy Code on November 18, 2010. The Debtor filed among the schedules in this case her Schedule C, a list of assets she claimed as exempt from the bankruptcy estate. With the exception of a Lincoln Navigator automobile and certain real property that she designated as each having a claimed exemption value of $1.00, the Debtor listed all other

property she claimed exempt as having an exemption value of "100% of FMV" pursuant to Virginia Code §§ 34-26, 34-4, and 34-34.[1]  For each of the assets claimed exempt pursuant to Virginia Code § 34-4, the Debtor listed a specific monetary "current value of property without deducting exemption."[2]  The Debtor claimed exemptions in the following personal property under the identified subsections of Virginia Code § 34-26:

| | |
|---|---|
| Household Goods | Va. Code Ann. § 34-26(4a) |
| Additional Household Goods | Va. Code Ann. § 34-26(4a) |

---

[1] While nowhere defined in the Debtor's Schedule C, it is apparently the Debtor's intent that "100% of FMV" be interpreted to mean "100% of fair market value."

[2] The Debtor listed the following items as exempt in her Schedule C pursuant to Virginia Code § 34-4, and the value of the exemption claimed and the current value of the property are scheduled as follows:

| Description of Property | Value of Exemption | Current Property Value |
|---|---|---|
| 2320 Tawny Berry Lane | $1.00 | $225,000.00 |
| Cash on hand | 100% of FMV | $20.00 |
| Potential cash value of interest in insurance | 100% of FMV | $1.00 |
| Potential cash value of interest in Wages/Garnished Wages | 100% of FMV | $1.00 |
| Anticipated Federal Tax Refund | 100% of FMV | $899.00 |
| Anticipated State Tax Refund | 100% of FMV | $36.00 |
| Potential cash value Equitable or future interests | 100% of FMV | $1.00 |
| Potential cash value of interest in Death of Estate Benefits | 100% of FMV | $1.00 |
| 2008 Lincoln Navigator 2WD | $1.00 | $28,000.00 |

2

| | |
|---|---|
| Family Bible | Va. Code Ann. § 34-26(1) |
| Wearing Apparel | Va. Code Ann. § 34-26(4) |
| Wedding and Engagement Rings | Va. Code Ann. § 34-26(1a) |
| Pets | Va. Code Ann. § 34-26(5) |

Finally, the Debtor scheduled an exemption in an asset described as "Potential cash value of Pension Plan/Retirement Plan/401k" pursuant to Virginia Code § 34-34, listing the exemption value as "100% of FMV" and the current property value as $1.00.[3]

The Trustee timely objected to the above-referenced exemptions of the Debtor.[4] In his Exemption Objection, the Trustee pleaded that he had been advised by the Debtor's counsel that "the words '100% of FMV' is [*sic*] an intent by the debtor to exempt the said assets pursuant to the

---

[3] In the Exemption Objection, the Trustee does not mention the Debtor's claimed objection in the pension plan/retirement plan pursuant to Virginia Code § 34-34, and having failed to timely object to this claimed exemption, the exemption stands.

[4] As recently explained by the United States Supreme Court:

Subject to exceptions not relevant here, the Federal Rules of Bankruptcy Procedure require interested parties to object to a debtor's claimed exemptions within 30 days after the conclusion of the creditors' meeting held pursuant to Rule 2003(a). See Fed. Rule Bkrtcy. Proc. 4003(b). If an interested party fails to object within the time allowed, a claimed exemption will exclude the subject property from the estate even if the exemption's value exceeds what the Code permits. *See, e.g.*, [11 U.S.C.] § 522(*l*); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642-643, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

*Schwab v. Reilly*, ___ U.S. ___, 130 S. Ct. 2652, 2658 (2010).

The initial meeting of creditors in the instant matter was conducted and concluded on November 18, 2010. The Trustee filed his Exemption Objection with the Court on December 14, 2010. Accordingly, the Exemption Objection was timely filed pursuant to Federal Rule of Bankruptcy Procedure 4003(b).

3

Virginia Code sections listed even though the value of the assets may exceed the amount allowed pursuant to 34-4 and 34-26 of the Code of Virginia unless the trustee objects to the exemptions." Exemption Objection ¶ 3. The Trustee asserts that the Debtor should not be permitted to exceed the maximum amounts of exempt property set forth in the relevant Virginia statutes by using the language "100% of FMV" or any other comparable language. The Debtor argues the designation of the value of claimed exemptions used here is expressly authorized by the recent decision of the United States Supreme Court of *Schwab v. Reilly*, ___ U.S. ___, 130 S. Ct. 2652 (2010) (hereinafter "*Schwab*"). The Trustee counters that *Schwab* does not permit the Debtor's designation of value of exemptions and the failure of the Debtor to comply with the requirements of the Virginia exemption statutes dooms her attempt to exempt the enumerated property from her creditors' claims. Finally, the Trustee requests the Court determine that a trustee is not required to object to exemptions where a debtor claims the value of the exemptions as 100% of fair market value in order to limit the exemptions to the statutory amounts set forth in the Virginia Code.

## II. Conclusions of Law

### A. The Virginia Exemption Statutes

Judge Mitchell of this Court has recently examined the exemption laws applicable to a Virginia debtor:

> As part of his or her "fresh start," an individual debtor may retain certain property free from the claims of the trustee and most creditors. In theory, the debtor may elect between the exemptions provided in § 522(d) of the Bankruptcy Code (commonly referred to as "the federal exemptions") or the exemptions provided under state law. A state, however, may opt out of allowing its residents to claim the federal exemptions. Like the majority of states, Virginia has done precisely that. Va. Code Ann. § 34-3.1. Thus, debtors whose exemptions are governed by Virginia law are limited to the exemptions available under state law and general (non-bankruptcy) federal law.

4

*In re Diaz*, No. 08-13715-SSM, 2010 WL 2425960, at *2 (Bankr. E.D. Va. June 20, 2010).

The United States Court of Appeals for the Fourth Circuit has held that, because Virginia has "opted out" of the federal exemption scheme, a debtor must comply with Virginia's procedural and substantive requirements to claim exemptions in bankruptcy properly . "The longstanding consensus in this circuit is that when Congress allowed the states to specify bankruptcy exemptions, it permitted the states to determine both the substance of those exemptions and the procedure by which they are claimed." *Mayer v. Nguyen* (*In re Nguyen*), 211 F.3d 105, 108 (4th Cir. 2000) (citing *Dominion Bank of the Cumberlands, NA v. Nuckolls*, 780 F.2d 408, 417 (4th Cir. 1985); *Zimmerman v. Morgan*, 689 F.2d 471, 472 (4th Cir. 1982); *In re Lamm*, 47 B.R. 364, 366 n.1 (E.D. Va. 1984); *In re Swift*, 96 F. Supp. 44, 46 (W.D. Va. 1950); *In re Robinette*, 34 F. Supp. 518, 521 (W.D. Va. 1932); *In re Pinner*, 146 B.R. 659, 660 (Bankr. E.D.N.C. 1992); *In re Edwards*, 105 B.R. 10, 12 (Bankr. W.D. Va. 1989)). Although the exemptions are liberally construed in the substantive sense, the procedural requirements are strictly construed. *Id.* at 110. In following the holding of *In re Nguyen*, Judge Tice of this Court has reminded:

> [T]his court has also noted that under Virginia law "debtors must comply strictly with statutory requirements to be afforded any exemptions." *In re Jackson*, [No. 00-34451, 2001 WL 540297,] at *5, 2001 Bankr. LEXIS 525, at *15 [(Bankr. E.D. Va. Mar. 30, 2001)]. If debtors fail to follow the statutory "prerequisites for filing a homestead deed, they are not entitled to the exemption." *Id.* at *5, 2001 Bankr. LEXIS 525, at *16; *see, e.g.*, *In re Heater*, 189 B.R. 629, 633-34 (Bankr. E.D. Va. 1995) (stating that Virginia law clearly requires debtors to strictly comply with the statutory requirements in order to benefit under the homestead act).

*In re McWilliams*, 296 B.R. 424, 426 (Bankr. E.D. Va. 2002). As this Court has recently observed:

> Virginia's exemption scheme . . . is not simple. There is a list of specific items of property—some with dollar limits, some without—commonly referred to as the poor debtor's exemption. Va. Code Ann. § 34-26. In addition, a debtor may, under what is commonly referred to as the homestead exemption, protect up to $5,000 of real or

5

personal property not otherwise exempt by recording an instrument (known as a homestead deed) describing that property in the city or county in which the debtor resides, and, if real property is claimed, in the city or county in which the property is located. *Id.* §§ 34-4, -4.1, -13.

*McDow v. Skinner* (*In re Jay*), ___ B.R. ___, Adversary No. 09-7138, 2010 WL 3259381, at *18 (Bankr. E.D. Va. Aug. 17, 2010). Thus, in order to take advantage of the Virginia exemption statutes, a debtor must strictly comply with the statutory requirements of the Virginia exemption laws.

B. Virginia Code § 34-4

The Debtor relies upon Virginia Code § 34-4 to establish a portion of her claimed exemptions. That section provides:

> **§ 34-4. Exemption created**
>
> Every householder shall be entitled, in addition to the property or estate exempt under §§ 23-38.81, 34-26, 34-27, 34-29, and 64.1-151.3, to hold exempt from creditor process arising out of a debt, real and personal property, or either, to be selected by the householder, including money and debts due the householder not exceeding $5,000 in value or, if the householder is 65 years of age or older, not exceeding $10,000 in value. In addition, upon a showing that a householder supports dependents, the householder shall be entitled to hold exempt from creditor process real and personal property, or either, selected by the householder, including money or monetary obligations or liabilities due the householder, not exceeding $500 in value for each dependent.
>
> For the purposes of this section, "dependent" means an individual who derives support primarily from the householder and who does not have assets sufficient to support himself, but in no case shall an individual be the dependent of more than one householder.

Va. Code Ann. § 34-4 (2010). The exemptions created by Virginia Code § 34-4 for real estate require compliance with Virginia Code § 34-6 for a debtor to claim the benefit of these exemptions validly. Section 34-6 provides, in pertinent part:

6

> **§ 34-6. How exemption of real estate secured; form to claim exemption of real property**
>
> In order to secure the benefit of the exemptions of real estate under §§ 34-4 and 34-4.1, the householder, by a writing signed by him and duly admitted to record, to be recorded as deeds are recorded, in the county or city wherein such real estate or any part thereof is located and if such property is located outside of the Commonwealth, in the county or city where the householder resides, shall declare his intention to claim such benefit and select and set apart the real estate to be held by the householder as exempt, and describe the same with reasonable certainty, affixing to the description his cash valuation of the estate so selected and set apart. Equitable as well as legal estates may be so selected and set apart. . . .
>
> . . . .
>
> Such writing or deed shall not be required to secure any exemption under this Code except those exemptions created by §§ 34-4 and 34-4.1.

*Id*. § 34-6.  To properly exempt personal property pursuant to Section 34-4, a debtor must comply with Virginia Code § 34-14, which provides, in pertinent part:

> **§ 34-14. How set apart in personal estate; form to claim exemption of personal property**
>
> Such personal estate selected by the householder and under §§ 34-4, 34-4.1, or § 34-13 shall be set apart in a writing signed by him.  He shall, in the writing, designate and describe with reasonable certainty the personal estate so selected and set apart and each parcel or article, affixing to each his cash valuation thereof.  Such writing shall be admitted to record, to be recorded as deeds are recorded in the county or city wherein such householder resides.
>
> . . . .
>
> Such writing or deed shall not be required to secure any exemption under this Code except those exemptions created by §§ 34-4, 34-4.1 and 34-13.

*Id*. § 34-14.

Accordingly, to exempt property pursuant to Virginia Code § 34-4, "the debtor need only in writing describe the property with 'reasonable certainty' and state its value." *In re Almendarez*,

7

No. 97-17577, 1998 WL 34342250, at *2 (Bankr. E.D. Va. Feb. 3, 1998) (citing *Shirkey v. Leake*, 715 F.2d 859, 861 (4th Cir. 1983)). "The purpose of requiring a reasonably certain description and valuation of property is to enable existing creditors to determine whether the claim is honestly asserted or whether the debtor is improperly seeking to insulate his property from the payment of his debts." *Shirkey*, 715 F.2d at 862.

The term "cash valuation" is utilized in Virginia Code §§ 34-6 and 34-14 not only in reference to the value of the property being exempted but also in relation to the value of the exemption being claimed. Section 34-6 mandates that a debtor describe real property with reasonable certainty and assign to that description the "*cash valuation* of the estate so selected *and set apart*." Section 34-14 likewise requires a "reasonably certain" description of the personal property to be exempted and requires a debtor to "affix[] to *each* his *cash valuation* thereof." Judge Hoffman succinctly identified the purpose of requiring a "cash valuation" in order to effect an exemption:

> The purpose of the 'cash valuation' is to enable creditors to ascertain, by inspection of the different articles and the prices affixed thereto, whether the debtor is making a fair and honest claim of homestead, or whether he is giving an underestimate of its value, and thereby securing to himself property that should be subjected to the payment of his debts.

*In re Waltrip*, 260 F. Supp. 448, 451-52 (E.D. Va. 1966) (citing *In re Wilson*, 108 F. 197 (W.D. Va. 1901)). While the term "cash valuation" is not defined by the Code of Virginia, its plain meaning, as Judge Hoffman recognized, is synonymous with "price," which is defined as "the *amount of money* or other consideration asked for or given in exchange for something else." Black's Law Dictionary (9th ed. 2009) (emphasis added).

In order to comply, then, with the requirements of Section 34-4 to set apart certain property

8

as exempt, a debtor must describe the exempt property with "reasonable certainty" and affix a cash valuation to both the current value of the property and to the value of the exemption being claimed in the form of a numerical value, *i.e.*, a dollar amount. A non-numerical designation, such as "100% of fair market value," does not permit the examiner of the exempting document or schedule to immediately quantify the debtor's assertion of the value of the exemption of the property without reference to extraneous documents or resources. In the absence of any intervening statutory or decisional authority, the Debtor's attempted valuation of her exemption in a percentage format fails to comply with the requirements of the Code of Virginia for property exempted under Section 34-4, and the Trustee's objection is well-founded.

## C. Virginia Code § 34-26

The Debtor relies upon Virginia Code § 34-26 to establish additional exemptions. That section provides:

> **§ 34-26. Poor debtor's exemption; exempt articles enumerated**
>
> In addition to the exemptions provided in Chapter 2 (§ 34-4 et seq.) of this title, every householder shall be entitled to hold exempt from creditor process the following enumerated items:
>
> 1. The family Bible.
>
> 1a. Wedding and engagement rings.
>
> 2. Family portraits and family heirlooms not to exceed $5,000 in value.
>
> 3. (i) A lot in a burial ground, and (ii) any preneed funeral contract not to exceed $5,000.
>
> 4. All wearing apparel of the householder not to exceed $1,000 in value.
>
> 4a. All household furnishings including, but not limited to, beds, dressers, floor coverings, stoves, refrigerators, washing machines,

9

> dryers, sewing machines, pots and pans for cooking, plates, and eating utensils, not to exceed $5,000 in value.
>
> 5. All animals owned as pets, such as cats, dogs, birds, squirrels, rabbits and other pets not kept or raised for sale or profit.
>
> 6. Medically prescribed health aids.
>
> 7. Tools, books, instruments, implements, equipment, and machines, including motor vehicles, vessels, and aircraft, which are necessary for use in the course of the householder's occupation or trade not exceeding $10,000 in value, except that a perfected security interest on such personal property shall have priority over the claim of exemption under this section. A motor vehicle, vessel or aircraft used to commute to and from a place of occupation or trade and not otherwise necessary for use in the course of such occupation or trade shall not be exempt under this subdivision. "Occupation," as used in this subdivision, includes enrollment in any public or private elementary, secondary, or career and technical education school or institution of higher education.
>
> 8. A motor vehicle, not held as exempt under subdivision 7, owned by the householder, not to exceed $2,000 in value, except that a perfected security interest on the motor vehicle shall have priority over the claim of exemption under this subdivision.

The value of an item claimed as exempt under this section shall be the fair market value of the item less any prior security interest.

The monetary limits, where provided, are applicable to the total value of property claimed as exempt under that subdivision.

The purchase of an item claimed as exempt under this section with nonexempt property in contemplation of bankruptcy or creditor process shall not be deemed to be in fraud of creditors.

No officer or other person shall levy or distrain upon, or attach, such articles, or otherwise seek to subject such articles to any lien or process. It shall not be required that a householder designate any property exempt under this section in a deed in order to secure such exemption.

Va. Code Ann. § 34-26 (2010). The exemptions relied upon by the Debtor pursuant to Section 34-

26 for wearing apparel (Section 34-26(4)) and household goods (Section 34-26(4a)) each expressly contain a maximum allowed amount. The Trustee's objection to the Debtor's claimed exemptions of "100% of FMV" for personal property pursuant to subsections (4) and (4a) of Section 34-26 is well-founded unless intervening statutory or decisional authority permits the validity of a non-numerical designation in a percentage format.

The Debtor has claimed the remainder of the exempted property as exempt pursuant to certain other subsections of Section 34-26 that do not contain a monetary limitation, *i.e.*, family bible (§ 34-26(1)); wedding and engagement rings (§ 34-26(1a)); and pets (§ 34-26(5)). As the Debtor is entitled to exemptions in these items regardless of their value and the extent of the exemption claimed therein, the Trustee's objection to these exemptions must be overruled.

### D. The Impact of *Schwab*

The issue decided by the Supreme Court in *Schwab* facially appears to be divergent from the controversy in the instant matter. Justice Thomas succinctly described the issue in *Schwab*:

> The issue is whether an interested party must object to a claimed exemption where, as here, the Code defines the property the debtor is authorized to exempt as an interest, the value of which may not exceed a certain dollar amount, in a particular type of asset, and the debtor's schedule of exempt property accurately describes the asset and declares the "value of [the] claimed exemption" in that asset to be an amount within the limits that the Code prescribes. Fed. Rule Bkrtcy. Proc. Official Form 6, Schedule C (1991) (hereinafter Schedule C). We hold that, in cases such as this, an interested party need not object to an exemption claimed in this manner in order to preserve the estate's ability to recover value in the asset beyond the dollar value the debtor expressly declared exempt.

*Schwab*, 130 S. Ct. at 2657. In *Schwab*, the debtor claimed exemptions as to certain business equipment under the federal exemptions set forth in Section 522 of the Bankruptcy Code and scheduled the "value of claimed exemption" and the "current market value of property without

11

deducting exemptions" with the same cash (numerical) values. *Id*. at 2657-58. The debtor claimed that this evidenced her intention to claim the full value of the business property as exempt. The trustee did not object to the debtor's exemptions and later sought to liquidate the business property. The debtor contended the failure of the trustee to timely object to her claimed exemptions removed the business property from her bankruptcy estate and negated the trustee's ability to liquidate this property. *Id*. at 2658. The Court disagreed:

> Schwab and the United States conclude that Schwab had no obligation to object to the exemption in order to preserve for the estate any value in Reilly's business equipment beyond the total amount ($10,718) Reilly properly claimed as exempt.
>
> We agree. The portion of § 522(*l*) that resolves this case is not, as Reilly asserts, the provision stating that the "property claimed as exempt on [Schedule C] is exempt" unless an interested party objects. Rather, it is the portion of § 522(*l*) that defines the target of the objection, namely, the portion that says Schwab has a duty to object to the "list of property that the debtor claims as exempt *under subsection (b)*." (Emphasis added.) That subsection, § 522(b), does *not* define the "property claimed as exempt" by reference to the estimated market value on which Reilly and the Court of Appeals rely. Brief for Respondent 22-23; 534 F.3d, at 178. Section 522(b) refers only to property defined in § 522(d), which in turn lists 12 categories of property that a debtor may claim as exempt. As we have recognized, most of these categories (and all of the categories applicable to Reilly's exemptions) define the "property" a debtor may "clai[m] as exempt" as the debtor's "interest"—up to a specified dollar amount—in the assets described in the category, *not* as the assets themselves. §§ 522(d)(5)–(6); *see also* §§ 522(d)(1)–(4), (8); *Rousey v. Jacoway*, 544 U.S. 320, 325, 125 S. Ct. 1561, 161 L. Ed.2d 563 (2005); *Owen v. Owen*, 500 U.S. 305, 310, 111 S. Ct. 1833, 114 L. Ed.2d 350 (1991). Viewing Reilly's form entries in light of this definition, we agree with Schwab and the United States that Schwab had no duty to object to the property Reilly claimed as exempt (two interests in her business equipment worth $1,850 and $8,868) because the stated value of each interest, and thus of the "property claimed as exempt," was within the limits the Code allows.

*Id*. at 2661-62.

In the instant matter, the Debtor finds support for her position in Justice Thomas's later observations in *dicta*:

12

> Where, as here, it is important to the debtor to exempt the full market value of the asset or the asset itself, our decision will encourage the debtor to declare the value of her claimed exemption in a manner that makes the scope of the exemption clear, for example, by listing the exempt value as "full fair market value (FMV)" or "100% of FMV." Such a declaration will encourage the trustee to object promptly to the exemption if he wishes to challenge it and preserve for the estate any value in the asset beyond relevant statutory limits.

*Id.* at 2668. The Debtor's analysis of this paragraph in *Schwab* apparently ceases at these two sentences. From these words, the Debtor surmises that Justice Thomas sanctions the use of the term "100% of FMV" as a designation of the value of an exemption not subject to a valid objection by a trustee, rather than as a suggested shorthand for a debtor to manifest the intention to claim the entire value of an asset as exempt, which value could exceed the specific cash or monetary limits of an exemption statute. The remainder of this passage makes plain the invalidity of the Debtor's inference:

> If the trustee fails to object, or if the trustee objects and the objection is overruled, the debtor will be entitled to exclude the full value of the asset. If the trustee objects and the objection is sustained, the debtor will be required either to forfeit the portion of the exemption that exceeds the statutory allowance, or to revise other exemptions or arrangements with her creditors to permit the exemption. See Fed. Rule Bkrtcy. Proc. 1009(a). Either result will facilitate the expeditious and final disposition of assets, and thus enable the debtor (and the debtor's creditors) to achieve a fresh start free of the finality and clouded-title concerns Reilly describes.

*Id.* Remembering that the gravamen of *Schwab* concerns whether and when a trustee must object to a claimed exemption to preserve the right to subsequently liquidate an exempted asset, it is a misreading of *Schwab* to conclude the Court has blessed the use of a designation such as "100% of FMV" as a valid and unobjectionable scheduling of a claimed exemption value where the relevant exempting statute, such as the Virginia Code, expressly limits the exemption to a maximum cash value. Neither does a careful reading of *Schwab* suggest that it was the intention of the Court to

13

negate the specific requirements of the applicable body of law to perfect a claimed exemption where a state, such as Virginia, has opted out of the federal exemptions pursuant to Section 522 of the Bankruptcy Code. Additionally, to interpret *Schwab* as such would permit a judicial superceding of the state statutory requirements for exemptions and functionally negate the express authority of a state to opt out and impose its exemption limitations—as well as the procedural and substantive requirements necessary to perfect those exemptions—on debtors who are citizens of the opt-out state.

The invalidity of the Debtor's interpretation of *Schwab* has been recently recognized. In *In re Winchell*, No. 10-05827, 2010 WL 5338054 (Bankr. E.D. Wash. Dec. 20, 2010), the identical position of the Debtor here was asserted, contending *Schwab* expressly sanctioned the use of the term "Full FMV" as a valid and unobjectionable designation of the value of certain exemptions:

> The Chapter 13 Trustee . . . objected to the debtors' Schedule C wherein the debtors stated under the "Value of Claimed Exemption" column "Full FMV" for each asset. The trustee asserts that the lack of the debtors identifying the dollar amount claimed exempt as to each asset prevents the trustee from determining the liquidation analysis. Additionally, the trustee argues that it is not the trustee's duty to calculate the amount of liens against each asset and compare the amount of equity to the fair market value.
>
> Counsel for the debtors argues that [*Schwab*] encourages the debtor to list the exempt value as "FMV" or "100% of FMV" for each asset and that Schedule C does not require that specific dollar amounts be provided.

*Id*. at *1. Judge Williams analyzed the holding in *Schwab*:

> Having reviewed the Supreme Court case cited by both the trustee and counsel for the debtors, the court has come to the conclusion that both the trustee's and the debtors' positions have merit. *Schwab* does indeed provide that *if the debtor intends to exempt the actual value of the asset*, the debtor should list the value claimed exempt as "full fair market value (FMV)" or "100% of FMV." *Schwab* recognizes and confirms that the trustee is entitled to evaluate the propriety of the claimed exemptions based on three entries on the debtor's Schedule C: 1) the

14

> description of the asset in which the debtor claims an exempt interest; 2) the Code provisions governing the claimed exemptions; and 3) the amounts the debtor lists in the column titled "Value of Claimed Exemption." This conclusion, however, does not change the typical practice in this District of placing a dollar amount in the "Value of Claimed Exemption" column of Schedule C. Such practice resolves the underlying tension between maximizing the debtor's exemptions as allowed by law, and the administrative ease with which the trustee may preserve the estate's interest in assets, whose value may exceed the statutory exemption limits. Such practice is approved by *Schwab*.

*Id.* The limitations of *Schwab*'s holding were also recognized:

> It is inevitable that should debtors' counsel list "FMV" in the "Value of Claimed Exemption" column, and Schedule C reflects that the current value exceeds the statutory exemption allowance, the trustee will object. This court is duty bound to sustain such objection. Although *Schwab* may encourage debtor's counsel to exempt the actual value of the asset if the debtor has a legal basis for and an intent to claim the actual value of the asset exempt, it clearly does not mandate it. Nor does it mandate that this court overrule any trustee objection when, on the face of Schedule C, it appears that the debtor's amount claimed exempt exceeds the amount that which is statutorily provided. It is clear that *Schwab* is limited in its application.
>
> In this case, the court finds that the value of the claimed exemption amount "Full FMV" as to the debtors' home which is listed under "Current Value of Property Without Deducting Exemption" as $200,000.00, exceeds the statutory limit set forth in 11 U.S.C. § 522(d)(1). The same situation may exist as to other amounts listed on Schedule C.

*Id.* at *2.[5] On these bases, Judge Williams sustained the trustee's objection and granted the

---

[5] Another recent decision applying *Schwab* also fails to support the Debtor in the instant matter. In *In re Moore*, ___ B.R. ___, No. 10-44352, 2010 WL 5397193 (Bankr. N.D. Tex. Dec. 29, 2010), Judge Lynn found the issue of the value of the claimed exemptions remained to be decided where debtors had claimed exemptions of "100% of FMV" under the applicable federal and Texas exemptions:

> In response to Debtors' claims of exemptions, the Trustees filed the Objections within the time permitted by Rule 4003(b)(1). In the Objections, and in their post-hearing briefs the Trustees argue that, by using the formula "100% of FMV," Debtors seek to exempt from their estates more than they are statutorily entitled to.
>
> The Moore Objection raises issues directly addressed by *Schwab*. The

15

> Wilson Objection, however, while premised on *Schwab*, turns on the Texas exemption statute rather than Code § 522(d). Because the Texas exemption statutes refer not to interests in property but rather to the property itself (*see* Tex. Prop. Code §§ 42.001 and 42.002), the analysis in *Schwab* is not applicable, and, even absent use of the formula "100% of FMV," the Trustees would be required to object to exemptions claimed thereunder within the time fixed by Rule 4003(b)(1). *See Gebhart v. Gaughan*, 621 F.3d 1206, 1211 (9th Cir. 2010). . . .
>
> As to the Trustee's suggestion that somehow Debtors, by use of the formula "100% of FMV," seek to game the system, the court does not agree. The Supreme Court offered direction to debtors seeking to force the issue of whether exemption of an interest in an asset covered the entire asset. Debtors have here done no more than follow the Court's direction. The alternative—to make a claim of exemption clearly inconsistent with the statute (*see Schwab*, 130 S. Ct. at 2665; *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed.2d 280 (1992))—would be far more problematic.
>
> Moreover, the process is working just as the *Schwab* Court presumably expected it to. Debtors claimed their exemptions and clearly established that they intended to remove the entirety of the relevant assets from the estate. Their claims of exemptions, in turn, caused the Trustees to file the Objections, thus putting Debtors to the test of whether the value of the underlying assets is equal to, less than or greater than the value of the interests to which Debtors are entitled.
>
> Now the Trustees are entitled to evidentiary hearings, if they wish, respecting the value of Debtors' exemptions. In any such hearing, the debtor will have the burden of going forward and must show a plausible basis for the claim that "100% of FMV" of an asset falls within the statutory limit on the amount that may be exempted. Once the debtor has satisfied that burden, the party opposing the exemption will have, as provided by Rule 4003(c), the burden of proving that, in fact, the claimed exemption exceeds the statutory limit. If the objection is overruled, the asset claimed will no longer be part of the estate. *Schwab*, 130 S. Ct. at 2668. If the objection is sustained, "the debtor will be required either to forfeit the portion of the exemption that exceeds the statutory allowance, or to revise other exemptions or arrangements with her creditors to permit the exemption." *Id.*
>
> For the foregoing reasons, to the extent the Objections are based other than on a contention that the assets at issue are of a greater value than that which Debtors may exempt, they are OVERRULED. To the extent appropriate, the parties are directed to obtain one or more settings to resolve remaining issues of value.

*Id.* *1-2. Accordingly, *Moore* also prohibits debtors from receiving a greater exemption benefit

16

debtor leave to amend Schedule C.

The reasoning espoused by Judge Williams in *Winchell* is equally applicable in the instant matter. The Debtor attempts to utilize a non-cash, non-monetary designation of "100% of FMV" as the value of her claimed exemptions. As explained above, however, Virginia law requires that such value be set forth in specific numerical terms. In the instance of exemptions claimed pursuant to Virginia Code § 34-4, a debtor is required to affix "to the description [of his exempted property] his cash valuation of the estate so selected and set apart." Va. Code Ann. § 34-6; *see also id*. § 34-14 (requiring a debtor to "describe with reasonable certainty the personal estate so selected and set apart and each parcel or article, affixing to each his cash valuation thereof"). The Debtor's proposed course of claiming the value of exemptions as "100% of FMV" falls outside the bounds of liberal construction promoted by precedent with regard to the substance of exemptions. Such cannot be tolerated. While exemptions have long been liberally construed in favor of debtors, *Mayer v. Nguyen* (*In re Nguyen*), 211 F.3d 105, 110 (4th Cir. 2000), that liberality in construction does not extend so far as to allow a debtor to avoid the strict statutory requirements to set forth a cash valuation of the value of the claimed exemption pursuant to the Virginia Code. To achieve the result the Debtor desires—to exempt the full value of the assets at issue—the appropriate forum is the Virginia General Assembly, not this Court.

The Court therefore concludes that the Debtor's designation of "100% of FMV" regarding the values of exemptions claimed pursuant to Section 34-4 fails to satisfy the requirements of Virginia law as made applicable by the Bankruptcy Code, and the Trustee having timely objected

---

than or to bypass the maximums enumerated in the applicable statutory scheme merely by use of the phrase "100% of FMV" or the like.

thereto, the Trustee's Exemption Objection should be sustained. For the same reasons, the Court concludes that the Trustee's Exemption Objection should be sustained as to the items claimed exempt on Schedule C pursuant to Virginia Code §§ 34-26(4) and (4a). The Court also concludes that the Trustee's Exemption Objection should be overruled as to the remaining items claimed exempt on the Debtor's Schedule C pursuant to the enumerated subsections of Virginia Code § 34-26 for which the Virginia Code does not contain a monetary limitation.

The Trustee additionally requests the Court determine that a trustee is not required to object to exemptions where a debtor claims the value of the exemptions as 100% of fair market value in order to limit the exemptions to the statutory amounts set forth in the Virginia Code. *Schwab* does not permit the Court to find that, if the Debtor sets forth an improper or invalid value of a claimed exemption, the trustee need not object to preserve the estate's rights in the exempted property. Instead, *Schwab* holds the opposite by mandating that if a debtor claims the value of an exemption that the trustee believes is improper or invalid, whether as to form or substance, the trustee *must* object to preserve the right to subsequently liquidate the asset at issue.

> Where a debtor intends to exempt nothing more than an interest worth a specified dollar amount in an asset that is not subject to an unlimited or in-kind exemption under the Code, our approach will ensure clear and efficient resolution of competing claims to the asset's value. If an interested party does not object to the claimed interest by the time the Rule 4003 period expires, title to the asset will remain with the estate pursuant to § 541, and the debtor will be guaranteed a payment in the dollar amount of the exemption. If an interested party timely objects, the court will rule on the objection and, if it is improper, allow the debtor to make appropriate adjustments.

*Schwab*, 130 S. Ct. at 2667-68. As stated by the Court, requiring a trustee to object to exemptions "facilitate[s] the expeditious and final disposition of assets, and thus enable[s] the debtor (and the debtor's creditors) to achieve a fresh start free of the finality and clouded-title concerns Reilly

18

describes." *Id.* at 2668. Certainly, however, such objections by the trustee can be avoided if debtors simply claim objections in a cash (numerical) amount as mandated by the Virginia Code. Therefore, the Court concludes that the Trustee's Exemption Objection should be overruled to the extent the Trustee requests this Court hold that a trustee need not object to exemptions if the value of the claimed exemption is set forth on Schedule C in an improper format.

A separate order sustaining in part and overruling in part the Trustee's Exemption Objection for the reasons set forth above shall be entered. The order shall also provide the Debtor the opportunity to amend her Schedule C, should she desire to do so, to bring her Schedule C into compliance with the requirements for exemptions pursuant to the Virginia Code.

The Clerk shall transmit a copy of this Memorandum Opinion to Tom C. Smith, Jr., Chapter 7 Trustee; Glenn Tankersley, counsel for the Debtor; the Debtor; and Debera F. Conlon, Assistant United States Trustee.

Entered this 9th day of February, 2011, at Norfolk in the Eastern District of Virginia.

_____
STEPHEN C. ST. JOHN
United States Bankruptcy Judge